# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| WALTER BEVERLY, III, HAYES EUGENE BROOM, MARY DUSSETT, HOMER FULLER JONATHIN GREEN, NAOMI HARRELL, ALLEN MCMURRAY, ANTONIO RODGERS, and TOMMY WILLIAMS<br><br>　　Plaintiffs,<br><br>FORMEL D<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I.   INTRODUCTION

This action is brought to redress employment discrimination based on race and retaliation pursuant to 42 U.S.C. § 1981.  Plaintiffs also allege a continuing violation of 42 U.S.C. § 1981's prohibition against race discrimination and retaliation in employment.  The Defendant discriminates against African-Americans in promotions and pay by its maintenance of a "glass ceiling" and/or a "glass wall" which prevents African-Americans from promoting to or getting into the line of progression for positions of higher pay and authority.

The Defendant accomplishes this by utilizing a system of employment policies and procedures which deny African-American employees higher pay, promotional opportunities, and the ability to ascend to positions of higher authority where they would have the same opportunity to supervise and to be supervised by persons of their same race.  White employees are allowed the opportunity to manage and to be managed by persons of their same race.  Moreover, the Defendant

utilizes a system of subjective decision making in deciding who is qualified to receive higher pay and promotions to supervisory and/or managerial positions.

## II.     JURISDICTION

1. The jurisdiction of this Court is invoked by the plaintiffs pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202. This suit is authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1866," 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 1981 providing for injunctive and other relief against racial discrimination and retaliation.

## III.    PARTIES

### A.     PLAINTIFFS

2. Plaintiff Walter Beverly, III (hereinafter Beverly) is an African-American citizen of the United States and a resident of the State of Alabama. Beverly was employed by the Defendant from approximately May 2013 until his termination on or about October 9, 2019.

3. Plaintiff Hayes Eugene Broom (hereinafter Broom) is an African-American citizen of the United States and a resident of the state of Alabama. Broom has been employed by the Defendant from May 2014 to the present.

4. Plaintiff Mary Dussett (hereinafter Dussett), is an African-American citizen of the United States and a resident of the State of Alabama. Dussett has been employed by the Defendant from September 2016 to the present.

5. Plaintiff Homer Fuller (hereinafter Fuller), is an African-American citizen of the United States and a resident of the State of Alabama. Fuller began his employment with the
2

Defendant on October 5, 2015 and, upon information and belief, he was constructively discharged on or about September 23, 2019.

6. Plaintiff Jonathin Green (hereinafter Green), is an African-American citizen of the United States and a resident of the State of Alabama. Green has been employed by the Defendant from October 2014 to the present.

7. Plaintiff Naomi Harrell (hereinafter Harrell), is an African-American citizen of the United States and a resident of the State of Alabama. Harrell was employed by the Defendant from March 8, 2018 until her termination on October 17, 2019.

8. Plaintiff Allen McMurray (hereinafter McMurray), is an African-American citizen of the United States and a resident of the State of Alabama. McMurray was employed by the Defendant from April 2018 until his termination on or about October 4, 2019.

9. Plaintiff Antonio A. Rodgers (hereinafter Rodgers), is an African-American citizen of the United States and a resident of the State of Alabama. Rodgers has been employed by the defendant from August 2018 to the present.

10. Plaintiff Tommy Williams (hereinafter Williams), is an African-American citizen of the United States and resident of the State of Alabama. Williams has been employed by the Defendant from September 2015 to the present.

**B.    DEFENDANT**

11. Defendant, Formel D (hereinafter Formel) is an entity subject to suit under 42 U.S.C. § 1981. Formel is a multi-national corporation that is a global provider to the automotive and component supply industry. According to its website, Formel develops leading concepts and individual, scalable solutions for quality assurance and process optimization along the entire

automotive value chain - from development to production through to after-sales.

## III.     ADMINISTRATIVE PREREQUISITES

12.     There are no administrative prerequisites for filing this case under 42 U.S.C. § 1981 and the Plaintiff's claims are subject to the four-year statute of limitations set forth in 28 U.S.C. § 1658.

## IV.     STATEMENT OF FACTS

### Walter Beverly

13.     Plaintiff Beverly has been discriminated against in that he has been demoted without explanation and denied promotional opportunities due to the Defendant's refusal to formally announce and post all positions for bid.

14.     The Defendant does not formally announce all positions, but rather uses informal and subjective procedures to identify candidates for coveted positions.  The successful candidates for these positions are usually white.

15.     Beverly began working for the Defendant in or around May 2013, as a Tech I.  After about four (4) years he was promoted to the position of Tech II; however, without explanation, he was demoted back to a Tech I.  Since being demoted, Beverly made requests to be restored to his previous position with no results.

16.     On June 14, 2019, Beverly filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging race discrimination in the terms and conditions of employment.

17.     After filing his charge of discrimination, Beverly suffered retaliation in the form of less desirable shift assignments.  For example, on August 9, 2019, without any warning, the

Defendant assigned Beverly to a 6:15 a.m. start time which interfered with his childcare duties. Beverly had previously informed the Defendant that working such a shift was not possible because of the age of his children.

18. The Defendant persistently reassigned Beverly to schedules that he was not able to accommodate until he accumulated enough attendance issues to merit termination. The Defendant terminated Beverly on October 9, 2019.

### Hayes Eugene Broom, Jr.

19. Plaintiff Broom has been discriminated against in that he has been denied opportunities to advance within the Defendant's organization. Broom began working for the Defendant in or around May 2014 and was laid off in December 2015. Broom was rehired in or around April 2018 as a Tech I and still occupies that position.

20. Broom has extensive experience in the automotive manufacturing industry, to include classroom work and practical knowledge. Broom attended Bessmer Tech trade school for automotive industry training and has worked for several automotive manufacturing suppliers. Broom has never been considered for a Tech II position or any position of higher pay or authority.

21. The Defendant does not formally announce all positions, but rather uses informal and subjective procedures to identify candidates for coveted positions. The successful candidates for these positions are usually white.

22. On February 27, 2019, Broom filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging race discrimination in the terms and conditions of employment. Broom has still not been able to obtain a promotion or position of higher pay and/or authority.

**Mary Dussett**

23.     Plaintiff Dussett has been discriminated against in that she has been denied opportunities to advance within the Defendant's organization.  Dussett began working for the Defendant in or around September 2016 as a Tech I.  Dussett is still a Tech I after expressing a desire to move up in the Defendant's organization.

24.     Dussett has extensive experience in the automotive manufacturing industry, to include classroom work and practical knowledge.  Dussett attended the University of West Alabama where she earned a certificate in Automotive Manufacturing.  Dussett has never been considered for a Tech II position or any position of higher pay or authority.

25.     The Defendant does not formally announce all positions, but rather uses informal and subjective procedures to identify candidates for coveted positions.  The successful candidates for these positions are usually white.

26.     On February 27, 2019, Dussett filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging race discrimination in the terms and conditions of employment.  Dussett has still not been able to obtain a promotion or position of higher pay and/or authority.

**Homer Fuller**

27.     Plaintiff Fuller has been discriminated against in that he has been denied opportunities to advance within the Defendant's organization.  Fuller began working for the Defendant in or around October 2014, as a Tech I.  After about one-year Fuller was promoted to a Tech II's position.  Since promoting to the Tech II position, Fuller's career has stalled.

28.     Fuller has expressed a desire to move up in the Defendant's organization to a lead

position or positions of higher pay.  Each time Fuller attempted to move up he was denied any such opportunities.

29. Fuller has extensive experience in the automotive manufacturing industry, to include classroom work and practical knowledge

30. The Defendant does not formally announce all positions, but rather uses informal and subjective procedures to identify candidates for coveted positions.  The successful candidates for these positions are usually white.

31. On May 30, 2019, Fuller filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging race discrimination in the terms and conditions of employment.

32. After filing his charge of discrimination, Fuller suffered retaliation in the form of being removed from the Defendant' main facility in Alabama.  Specifically, the Defendant reassigned Fuller to one of its facilities in Mississippi which placed an undue hardship on him to continue working for it.  Fuller is a resident of Alabama and has no contacts with Mississippi.  By taking this action, the Defendant constructively discharge Fuller, which is retaliation.

### Jonathin Green

33. Plaintiff Green  has been discriminated against in that he has been denied opportunities to advance within the Defendant's organization.  Greeen began working for the Defendant in or around October 2014 as a Tech I and still occupies that position.

34. Green has extensive experience in the automotive manufacturing industry, to include classroom work and practical knowledge.  Green has worked as a Mechanic for Tuscaloosa Hyundai and at many oil changing businesses in and around Tuscaloosa.  Green has never been considered for a Tech II position or any position of higher pay or authority.

35. The Defendant does not formally announce all positions, but rather uses informal and subjective procedures to identify candidates for coveted positions. The successful candidates for these positions are usually white.

36. On February 27, 2019, Green filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging race discrimination in the terms and conditions of employment. Green has still not been able to obtain a promotion or position of higher pay and/or authority.

### Naomi Harrell

37. Plaintiff Harrell has been discriminated against in that she has been denied opportunities to advance within the Defendant's organization. Harrell began working for the Defendant in or around March of 2018. After about one-year Harrell was transferred to the Logistics Department. Since being transferred to the Logistics Department, Harrell has attempted to obtain higher paying positions with no success.

38. Harrell has attempted to obtain the following jobs of higher pay and/or authority: Quality Technician 2018 -$16; Logistics Associate 2019 -$16; Associate Support Specialist 2019 - $19; and, Onsite Logistics Supervisor 2019 - Pay was not listed.

39. The Defendant does not formally announce all positions, but rather uses informal and subjective procedures to identify candidates for coveted positions. The successful candidates for these positions are usually white.

40. On May 30, 2019, Harrell filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging race discrimination in the terms and conditions of employment. After filing her charge of discrimination, Harrell was subjected to retaliation in the

form of disciplinary write-ups and targeting which culminated with her termination on October 17, 2019.

## Allen McMurray

41. Plaintiff McMurray has been discriminated against in that he has been denied opportunities to advance within the Defendant's organization. McMurray began working for the Defendant in or around April 2018, as a Tech I. McMurray worked in the Tech I position until his termination.

42. McMurray has expressed a desire to move up in the Defendant's organization to a lead position or positions of higher pay. Each time, McMurray was denied any such opportunities.

43. McMurray has extensive experience in the automotive manufacturing industry, to include classroom work and practical knowledge

44. The Defendant does not formally announce all positions, but rather uses informal and subjective procedures to identify candidates for coveted positions. The successful candidates for these positions are usually white.

45. On February 27, 2019, McMurray filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging race discrimination in the terms and conditions of employment.

46. After filing his charge of discrimination, McMurray suffered retaliation in the form of removing him from its main facility in Alabama. Specifically, the Defendant reassigned McMurray to jobs that were more onerous. On October 4, 2019, without any explanation, the Defendant terminated McMurray's employment.

## Antonio Rodgers

47. Plaintiff Rodgers has been discriminated against in that he has been denied opportunities to advance within the Defendant's organization. Rodgers began working for the Defendant in or around August 2018, as a Tech I. Rodgers is still employed as a Tech I.

48. Rodgers has expressed a desire to move up in the Defendant's organization to a lead position or positions of higher pay. Each time, Rodgers was denied any such opportunities.

49. Rodgers has extensive experience in the automotive manufacturing industry, to include classroom work and practical knowledge. Rodgers attended the Nashville Auto-Diesel College and received a diploma in Automotive-Diesel Technology. He has also worked for several automotive manufacturing companies during his career.

50. The Defendant does not formally announce all positions, but rather uses informal and subjective procedures to identify candidates for coveted positions. The successful candidates for these positions are usually white.

51. On February 27, 2019, Rodgers filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging race discrimination in the terms and conditions of employment.

52. After filing his charge of discrimination, Rodgers suffered retaliation in the form of removing him from its main facility in Alabama. Specifically, the Defendant reassigned Rodgers to jobs that were more onerous and denied him travel reimbursement that was regularly given to other employees.

**Tommy Williams**

53. Plaintiff Williams has been discriminated against in that he has been denied opportunities to advance within the Defendant's organization. Williams began working for the Defendant in or around September 2015 as an IS Tester. After about 60-days, Williams was moved into a Tech I position. After about one-year, Williams was promoted to a Tech II position where he has been ever since, despite expressing a desire to move up in the company.

54. Williams has expressed a desire to move up in the Defendant's organization to a lead position or positions of higher pay. Each time, Williams was denied any such opportunities.

55. The Defendant does not formally announce all positions, but rather uses informal and subjective procedures to identify candidates for coveted positions. The successful candidates for these positions are usually white.

56. On May 30, 2019, Williams filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging race discrimination in the terms and conditions of employment.

**V.      COUNTS**

    **A.      RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

57. All of the Plaintiffs have been discriminated against and treated differently than similarly situated white employees solely because of their race, African-American, in violation of 42 U.S.C. § 1981. This treatment by the Defendant has affected the terms and conditions of Plaintiffs' employment.

58. Furthermore, said acts of discrimination have affected the Plaintiffs' pay, raises, benefits, ability to advance, and right to be free of racial discrimination and other terms and

conditions of employment. Plaintiffs allege that white employees were not treated in this manner.

59. Plaintiffs have complained to Defendant's management about the differences in treatment, however, Defendant's all white management staff has done nothing to curtail this activity.

60. This reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiffs' statutory rights pursuant to 42 U.S.C. § 1981.

61. As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiffs were deprived of income and other compensation and benefits.

62. Plaintiffs have suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory and demeaning and unlawful conduct.

63. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is their only means of securing adequate relief.

64. The Plaintiffs are now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

    **B.**    **RETALIATION PURSUANT TO 42 U.S.C. SECTION 1981**

65. Count V(B) is applicable to Plaintiffs Beverly, Fuller, Harrell, McMurray, and Rodgers only.

66. Plaintiffs Beverly, Fuller, Harrell, McMurray, and Rodgers were retaliated against for reporting and opposing racial discrimination in employment. After Plaintiffs Beverly, Fuller, Harrell, McMurray, and Rodgers filed charges of discrimination they were subjected to materially

adverse actions that would have dissuaded a reasonable worker from opposing or reporting discrimination in employment.

67. The effect of the Defendant's retaliation as outlined above has been to deprive the Plaintiffs of the right to oppose discriminatory business practices in violation of 42 U.S.C. § 1981.

68. Plaintiffs have suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of Defendant's retaliatory, demeaning, and unlawful conduct.

69. The Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is their only means of securing adequate relief.

70. The Plaintiffs are now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

71. This malicious, reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiffs' statutory rights pursuant to 42 U.S.C. § 1981.

## VIII. PRAYER FOR RELIEF

Wherefore, the plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiffs as secured by 42 U.S.C. § 1981.

2. Grant plaintiffs a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the Defendant's request from continuing to violate 42 U.S.C. § 1981.

3. Enter an order requiring the Defendant to make the Plaintiffs whole by awarding them the position(s) they would have occupied in the absence of race discrimination, back pay (plus interest), punitive damages, compensatory damages, nominal damages, liquidated damages, declaratory relief, injunctive relief, and benefits.

The Plaintiffs further pray for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFFS REQUEST TRIAL BY JURY**

Respectfully submitted,

/s/Roderick T. Cooks
Lee D. Winston
Roderick T. Cooks
Charity Gilchrist-Davis
Attorneys for the Plaintiffs

**OF COUNSEL:**

Roderick T. Cooks, Esq.
WINSTON COOKS, LLC
The TLC Financial Center
505 20th Street North, Suite 815
Birmingham, Alabama 35203
Telephone: (205) 502-0940
rcooks@winstoncooks.com

Charity M. Davis, Esq.
LAW OFFICE OF GILCHRIST DAVIS, LLC
The TLC Financial Center
505 20th Street North, Suite 815
Birmingham, Alabama 35203
Telephone: (205)581-8812
charity@gilchristdavis.com

**DEFENDANT'S ADDRESS:**
Formel D
c/o UNISEARCH, INC.
2 North Jackson Street, Suite#605
Montgomery, AL 36104